The opinion of the court was delivered by
Tirohman, C. J.
This cause comes before us on a writ of error to the Court of Common Pleas of Dauphin county. The defendants in error were plaintiffs below. On the trial of the cause, twelve jurors having been drawn according to law, the list was presented to the plaintiffs’ attorney who waived his right of challenge, in consequence of which, the defendant’s attorney proceeded to challenge two of the jurors, and two others were called in their places. Upon this, the plaintiffs’ attorney offered to challenge the juror last called, which was objected to by the counsel for the defendant, but the court allowed the challenge. This is the first error assigned. The principle on which this case rests, was decided in Patton’s Administrators v. Ash, &c. Administrators of Craig, (7 Serg. & Rawle, 116.) The plaintiff’s attorney cannot waive his challenge, and afterwards resume it. This would be giving him an unfair advantage. The usual course is for the plaintiff to challenge first one juror, and then the defendants one, and so on alternately. By this mode, the defendants will have thfe last challenge, and the plaintiff having already challenged two, cannot possibly have a right to challenge the person returned in the place of the second juror challenged by the defendant. But either party may waive his first, or second challenge. In this case, it appears, that the plaintiff’s attorney waived his right of challenge altogether, so that nothing remained but for the defendants to challenge two and have their places filled, as directed by the act of assembly. There was error, therefore, in permitting the plaintiffs’ attorney to challenge the jurors who were called to fill the vacancy occasioned by the defendant’s second challenge.
Several other errors were assigned, concerning which, no opinion can be formed, because \\ e have not sufficient information of the facts on which the Court of Common Plea's decided, it is said, in general, that evidence was given according to the judges’ notes, to which reference is made. The paper book given to us, *154 exhibits a confused, undigested mass, from which nothing certain can be concluded. We have often expressed our disapprobation of this irregular mode of making up records, and must take some decisive measures to correct it. Written evidence is to be referred to, and annexed to the record. But parol evidence is to be inserted in the record, without reference. The judges’ notes ought, not to be referred to. They contain every thing which passes at .the trial, including the arguments of counsel. The practice of referring to them was introduced to save trouble at the time of taking an exception. But the consequences are, expense, confusion, and perplexity. We should have been glad to have given an opinion on all the errors assigned, because the same points may occur again, when the cause comes to a second trial. But we really have not materials for forming a judgment. All that can be done, therefore, is to reverse the judgment, on the first error, and direct, that there be a venire de novo.
Judgment reversed, and a venire facias de novo awarded.